NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2009-3182

ROBERT SOUTHERLAND,

Petitioner,

v.

DEPARTMENT OF DEFENSE,

Respondent.

Petition for review of the Merit Systems Protection Board in
SF0752080706-I-1.

ON MOTION

Before MICHEL, Chief Judge, LOURIE and BRYSON, Circuit Judges.

PER CURIAM.

## ORDER

The court treats Robert Southerland's letter concerning his petition for review as a motion for reconsideration of the court's previous rejection of his petition for review as untimely.

On December 30, 2008, an Administrative Judge of the Merit Systems Protection Board issued an initial decision sustaining the agency's suspension of Southerland. The decision stated that it would become the Board's final decision on February 3, 2009 unless Southerland filed a petition for review with the Board. Southerland did not file a petition for review with the Board. The decision also informed Southerland that any petition for review seeking review by this court would be due within 60 days after the Board's decision became final. Southerland's petition, seeking review by this court, was

received by this court on April 13, 2009. On that same day, the clerk of this court returned the petition for review to Southerland, informing Southerland by letter that to be timely filed the petition had to be received by the court within 60 days from the date of the final decision, i.e., on or before April 6, 2009. In his motion, Southerland states that he mailed the petition on April 3, 2009 by certified mail.

Our review of a Board decision or order is governed by 5 U.S.C. § 7703(b)(1), which provides that "[n]otwithstanding any other provision of law, any petition for review must be filed within 60 days after the date the petitioner received notice of the final order or decision of the board." This filing period is "statutory, mandatory, [and] jurisdictional." Monzo v. Dep't of Transportation, 735 F.2d 1335, 1336 (Fed. Cir. 1984); see also Bowles v. Russell, 551 U.S. 205 (2007) (the timely filing of a notice of appeal in a civil case is a jurisdictional requirement that cannot be waived). A petition must be received by this court by the due date; placing the petition in the mail on or before the due date does not establish timeliness. Fed. R. App. P. 25(a)(2)(A).

Because Southerland's petition was not received within 60 days of the date the Board's decision became final, we must dismiss his petition as untimely.

Accordingly,

IT IS ORDERED THAT:

(1)     Southerland's petition is dismissed.

(2)     All sides shall bear their own costs.

FOR THE COURT

JUL 0 2 2009
_____
Date

/s/ Jan Horbaly
_____
Jan Horbaly
Clerk

FILED
U.S. COURT OF APPEALS FOR
THE FEDERAL CIRCUIT

2009-3182                    2

JUL 0 2 2009

JAN HORBALY
CLERK

cc:    Robert Southerland
        Vincent D. Phillips, Esq.

s19

ISSUED AS A MANDATE:    JUL 0 2 2009